**ALLISON v OHIO SAVINGS & TR CO et**

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided January, 1935

John A. Buchanan, New Philadelphia, and John C. Mitchell, New Philadelphia, for plaintiff.

Harold O. Zeigler, Cleveland, P. S. Olmstead, New Philadelphia, and Pomerene & Boulger, Columbus, for defendant.

## OPINION

By LEMERT, J.

From a careful examination of the record in this case, we are of the opinion that the transactions involved in this case were had by Henniger with The Ohio Savings & Trust Company, as shown by the exhibits and the ledger sheets involving the various transactions as they appear in the record. It will be noted that the answer of the defendant, The Ohio Savings & Trust Company, makes the admission and averment that during all of the times referred to in the petition that the said Charles A. Lahmer was the president and treasurer of said institution and the record shows that the said Lahmer took the notices that Henniger had received from The Gilliam Manufacturing Company, advising him that his stock would be redeemed and that the company had been sold, and that he took plaintiff's stock in said company; that he sent the stock to said company and received a check in return for the same in the sum of $10,242.90; that this check was received by the bank and the cash thus received was credited to an amount already in the bank in the name of Isaac Henniger; and further, in the answer of the said The Ohio Savings & Trust Company to the first interrogatory attached to plaintiff's petition said sum of $10,242.90 is listed as a deposit made by Lahmer, but as a matter of fact it went into an account carried in the name of Henniger; this being shown by the ledger sheets, upon which Mr. Henniger's name appears at the top, and such sheets being the ledger sheets of the defendants, The Ohio Savings & Trust Company. The pass book of Isaac Henniger with The Ohio Savings & Trust Company, marked "Exhibit A," shows the deposits of Isaac Henniger with said bank, and contains items for a certain period of time, which are the same items contained in the account filed in this case by defendant, Lahmer.

The exhibits show that the account of said Isaac Henniger with said bank was entered in his name; the same being the monthly statements of said bank issued to said Henniger; and the checks issued by said Henniger were drawn upon his said account in The Ohio Savings & Trust Company. The record shows that the defendant bank qualified to do a trust business in the year 1921. The record shows that the money received from the Gilliam stock was invested in Cleveland Real Estate Bonds, to-wit, approximately Five Thousand Dollars in Euclid Avenue Seventeenth Street Bonds, and in Superior Twelfth Street Bonds, contrary to the instructions given by said Henniger to invest said money in Government Bonds.

It is plain and clear to us from the evidence in the record that Henniger so instructed Lahmer to invest the money received from the Gilliam bonds in Government Bonds.

Considering the whole of the record in this case it clearly shows that said Lahmer was acting in his capacity as president and treasurer of the defendant, The Ohio Savings & Trust Company—in fact, he would have had no right to act in any other capacity within the banking house of the said The Ohio Savings & Trust Company, considering the kind and nature of the business that he was transacting for Mr. Henniger. He was transacting banking and trust business for Mr. Henniger within the defendant's, The Ohio Savings & Trust Company's banking institution, and all the documents and bookkeeping had with the bank so indicated that the business was had by and with the bank.

We are of the opinion that the record shows that a trust existed and was created. The receipt of Henniger's money is admitted in the testimony of Mr. Lahmer and the making of these investments about which complaint is made. Mr. Lahmer had control over the fund and issued checks against it freely. All of the relations between Henniger and the bank show that a trust fund was thereby created and existed.

So that the question resolves itself into whether or not Lahmer, the bank, or both, are liable on account of the management of this fund for the plaintiff, Henniger.

We believe it to be elementary that no relief can be rendered against one from whom no relief is sought. In the instant case the only relief sought is against The Ohio Savings & Trust Company. Nowhere is any relief asked against Lahmer. Even after Lahmer came into this action and set up his version of the facts, plaintiff continued to protest that there was no claim of liability against him, and sought to have his appearance and his pleadings stricken from the file, on the ground that he was not a proper party. Yet, despite this condition of affairs, when the trial court found there was no evidence to sustain a claim against the bank, it nevertheless proceeded to render a judgment against Lahmer, whom plaintiff insisted was not liable.

"A valid decree can not be rendered against one against whom no relief is sought."

21 C. J., 676.

The bank book and ledger sheets show that the account of Isaac Henniger was had with The Ohio Savings & Trust Company, and the account submitted by Charles A. Lahmer is an account of the funds of Isaac Henniger and claimed to have been deposited with The Ohio Savings & Trust Company by said Lahmer in said bank to the credit of Isaac Henniger, when it appears that the funds were received by Lahmer while acting as president and treasurer of the said The Ohio Savings & Trust Company from Henniger and deposited to the credit of Henniger in said bank; the funds thus arising from the redemption of Isaac Henniger's stock in The Gilliam Manufacturing Company coming into the deposit account with The Ohio Savings & Trust Company. In equity this fund or amount was imposed with the character of a trust and a trust company is liable to account to the owner therefor.

2 Pomeroy Equity Jurisprudence, §1047. A collection of The Gilliam Manufacturing Company's redemption of stock money was a special deposit of money, for the reason that it was marked in an unusual manner so that it could be readily identified and was thereby held by the bank as a trust for the depositor.

"When paper is received for collection, a trust relation often exists in the beginning which may be changed by agreement into debtor or creditor, but a bank can not divest itself and assume the other at its own convenience."

5 Cyc., 515, 516.

"It is the duty of an agent to account to his principal for all funds belonging to his principal which come into his hands by virtue of his agency, and if he failed to apply the funds to the purpose for which they were received, the principal may recover the same."

31 Cyc., 1070-1071.

We note that the defendant, Charles A. Lahmer, filed no cross petition asking pay for services rendered in connection with said trust. He rendered no account of the same and made no claim for compensation in the pleadings. There is absolutely no evidence in the record in the trial court upon which to base an allowance to him

for such services, yet $1200.00 was deducted from the amount of the fund by the lower court. We are of the opinion that this amount should not have been allowed, for the reason that plaintiff has suffered interminable delay in recovering this trust fund and has been compelled to fight and employ counsel and has already fought this case through two courts to make recovery.

Defendants in this case in their brief contend that the plaintiff is not entitled to a recovery, on both the question of estoppel and of ratification. From a careful examination of the pleadings and the whole of the record in this case, we are of the opinion that neither can be properly urged, for the reason that neither estoppel nor ratification is affirmatively pleaded as a defense, and there is nowhere in the record coming to us from the court below that any such defense was made. If attempted, the record fails to show any evidence along that line, and for that reason neither the defense of estoppel or ratification can avail the defendants in this case.

We are therefore of the opinion that the record before us does not warrant a recovery against Charles A. Lahmer, individually, but that the plaintiff is entitled to a finding and judgemnt against the defendant, The Ohio Savings & Trust Company in the amount of $7,260.23; for which judgment is hereby awarded. Exceptions may be noted. Entry accordingly.

SHERICK, PJ, and MONTGOMERY, J, concur.